IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41362
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PAUL CAMARON DOHERTY,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CR-39-ALL
- - - - - - - - - - -
June 17, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Paul Camaron Doherty pleaded guilty to possession with intent to deliver amphetamine and has appealed his sentence. Doherty contends that the district court erred in refusing to adjust his offense level for acceptance of responsibility because Doherty continued to engage in criminal conduct while on pretrial release. "The district court may properly deny a reduction for acceptance of responsibility for failure to refrain from criminal conduct while on pretrial release." United States v. Rickett,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

89 F.3d 224, 227 (5th Cir.), cert. denied, 117 S. Ct. 499 (1996). This court reviews a district court's finding on acceptance of responsibility for clear error but "under a standard of review even more deferential than a pure clearly erroneous standard." United States v. Gonzales, 19 F.3d 982, 983 (5th Cir. 1994) (internal citation and quotation omitted).

Doherty argues that the district court did not determine as a factual matter that the alleged illegal conduct occurred while he was on pretrial release. Doherty bore the burden of showing that he was entitled to an adjustment for acceptance of responsibility. United States v. Kinder, 946 F.2d 362, 367 (5th Cir. 1991). At no time, did Doherty attempt to show that the alleged criminal conduct occurred at a time prior to his release on bond. Moreover, in his order revoking Doherty's bond, the magistrate judge found that the criminal conduct had occurred after Doherty entered his guilty plea in the instant action.

Doherty contends that the district court's finding that Doherty had not withdrawn from criminal conduct following entry of his guilty plea was not supported by sufficient evidence. The district court adopted the findings of the probation officer in the presentence investigation report. "For sentencing purposes, the district court [could] consider any relevant evidence 'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information [had] sufficient indicia of reliability to support its probable

accuracy.'" <u>United States v. Young</u>, 981 F.2d 180, 185 (5th Cir. 1992).  "[A] presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial court in making the factual determinations required by the Guidelines."  <u>United States v. Robins</u>, 978 F.2d 881, 889 (5th Cir. 1992).  The judgment is

AFFIRMED.